FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

00 JUL -7 PM 12: 08

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

SHIRLEY BLAKE, individually, and
as President of the Jordan
Park Residents' Management
Corporation n/k/a Jordan Park
Residents' Association; and
JORDAN PARK RESIDENTS'
MANAGEMENT CORPORATION,

    Plaintiffs,

CASE NO. 8:00-CV-777-T-27B

vs.

THE ST. PETERSBURG HOUSING        INJUNCTIVE RELIEF SOUGHT
AUTHORITY; and DARRELL J. IRIONS,    JURY TRIAL DEMANDED
individually, and as Executive Director
of the St. Petersburg Housing Authority,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR COURT**
**ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD**
**NOT BE DISMISSED FOR LACK OF PROSECUTION**

Defendants' motion for an Order to Show Cause Why this Matter Should Not Be Dismissed for Lack of Prosecution should be denied. Plaintiffs' Verified Complaint demands legal relief, and no adjudication of those claims has been made.

After the motions for temporary restraining order and preliminary injunction were denied, the parties entered into a stipulation regarding the possible filing of an amended complaint and Defendants' response to the Verified Complaint. By the stipulation, Plaintiffs agreed to permit Defendants to await the amended complaint, if one was to be filed, before answering the pending Verified Complaint.

Plaintiffs have decided to proceed on the pending Verified Complaint, which seeks

33

damages in addition to equitable relief, conduct discovery and review Defendants' answer to the pending Verified Complaint. <u>Plaintiffs did not agree to dismiss their Verified Complaint if no amendment was filed</u>; Defendants may now respond to the Verified Complaint. If discovery reveals accrued causes of action that were previously unknown to Plaintiffs, then Plaintiffs may seek to amend, following the procedure outline in Federal Rule of Civil Procedure 15.[1]

Defendants argue in their motion that the issues raised in the Verified Complaint are moot. This is both factually and legally incorrect. The Verified Complaint demands, in each count, legal relief in addition to equitable relief; more important, a denial of injunctive relief is not an adjudication on the merits. "[O]nly under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." <u>Beacon Theatres, Inc. v. Westover</u>, 79 S.Ct. 948, 957 (1959).

Defendants' argument Plaintiffs' counsel agreed that the issues in this case will become moot before an adjudication on the merits is also incorrect. Defendants, not

---

[1] When the stipulation was entered into and filed on May 17, 2000, Plaintiffs contemplated amending the Verified Complaint to seek relief on a class-wide basis under Federal Rule of Civil Procedure 23.

After further consideration, however, Plaintiffs' counsel believes that additional discovery should be conducted. After discovery, Plaintiffs may seek to amend to seek class-wide relief, following the procedure outline in Federal Rule of Civil Procedure 15.

Plaintiffs also advise that Defendant Irions has been scheduled for deposition on August 21, 2000, and that if he requests, then the deposition will be rescheduled to accommodate him or his counsel.

Plaintiffs, believed the issues presented in the Verified Complaint "will become moot before an adjudication is made on the merits." (Parties' Stipulation as to Timing of Defendants' Response to Plaintiffs' Complaint at paragraph 5). Certainly, if Jordan Park is torn down, the issue of a permanent injunction ordering that it not be torn would be moot; the legal relief the Plaintiffs claim because of the Defendants wrongdoing, as alleged in the Verified Complaint, is not moot, and must be tried before a jury.

This Court should deny Defendants' motion for an Order to Show Cause Why this Matter Should Not Be Dismissed for Lack of Prosecution. Defendants are on notice that, pursuant to the Parties' Stipulation as to Timing of Defendants' Response to Plaintiffs' Complaint, they are required to answer within twenty days.

RESPECTFULLY SUBMITTED this 7th day of July, 2000.

_____
JONATHAN L. ALPERT, ESQUIRE
Florida Bar No. 121970
RYAN CHRISTOPHER RODEMS, ESQUIRE
TRIAL COUNSEL
Florida Bar No. 947652
SCOTT J. FLINT, ESQUIRE
Florida Bar No. 0085073
ALPERT, BARKER, RODEMS,
 FERRENTINO & COOK, P.A.
Post Office Box 3270
Tampa, Florida 33602
Phone: 813/223-4131
Facsimile: 813/228-9612
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail this 7th day of July, 2000 to **Scott A. Forman, Esquire** Vernis & Bowling of Miami, P.a.,

1680 N.E. 135th Street, North Miami, Florida 33181.

_____
RYAN CHRISTOPHER RODEMS, ESQUIRE